Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL V

| JUAN HERNÁNDEZ PÉREZ **Recurrente** Vs. CORPORACIÓN DEL FONDO DEL SEGURO DEL ESTADO **Recurrida** | KLRA202400473 | *REVISIÓN ADMINISTRATIVA* procedente del Corporación del Fondo del Seguro del Estado Caso Núm: JA-05-14 SOBRE: Pasos por Mérito |
|---|---|---|

Panel integrado por su presidente, el Juez Hernández Sánchez, el Juez Bonilla Ortiz y la Jueza Mateu Meléndez.

Hernández Sánchez, Juez Ponente

### SENTENCIA

En San Juan, Puerto Rico, a 24 de septiembre de 2024.

El 26 de agosto de 2024, el Sr. Juan F. Hernández Pérez (señor Hernández o recurrente) compareció ante nos mediante *Solicitud de Revisión Administrativa* y solicitó la revisión de una *Resolución Sumaria* emitida y notificada el 21 de junio de 2024 por la Junta de Apelaciones para Empleados Gerenciales de la Corporación del Fondo de Seguro del Estado (la Junta de Apelaciones). Mediante el aludido dictamen, la Junta de Apelaciones determinó que era improcedente la alegación del señor Hernández de que no se había completado el proceso de evaluación y que aún faltaba adjudicarle los pasos por mérito correspondientes al año 2003. Sostuvo que la Corporación del Fondo de Seguro del Estado (CFSE o recurrido) no podía considerar solicitudes de pasos por mérito hasta tanto se cumpliera el intervalo de los tres (3) años establecidos en el Reglamento. En vista de lo antes expuesto, declaró No Ha Lugar la Solicitud de Resolución Sumaria que presentó el recurrente y acogió la Solicitud de Desestimación que presentó el CFSE. Así pues, ordenó la desestimación de la Apelación, con perjuicio, al amparo

Número Identificador

SEN2023 _____

del Art. 23 del Reglamento de la Junta de Apelaciones de Empleados Gerenciales.

Por los fundamentos que expondremos a continuación, **confirmamos** el dictamen recurrido.

I.

El 28 de marzo de 2005, se le realizó una evaluación al señor Hernández para el periodo del año 2003-2004 para la obtención de pasos por mérito que éste solicitó el 9 de enero de 2004.[1] Cabe precisar, que dicha evaluación la realizó el director regional de la CFSE. De la *Hoja de Evaluación de Personal Gerencial Supervisor*, surge que la puntuación obtenida fue de 2.21 por lo que el nivel alcanzado resultó ser satisfactorio. En desacuerdo con esta evaluación, ese mismo día, a saber, el 28 de marzo de 2005, el recurrente presentó una reconsideración ante el comité de reconsideración de la CFSE.[2] Mediante esta, expresó que no estaba de acuerdo con la puntuación obtenida y presentó una lista de datos significativos sobre su desempeño laboral que consideraba que no reflejaban la puntuación obtenida. Cuestionó los criterios utilizados para su evaluación y la catalogó como acoso laboral, discrimen político y discrimen por razón de impedimento. De este modo, solicitó ser evaluado por cualquier otra persona o grupo ajeno a director regional.

Posteriormente, el 6 de mayo de 2005, la directora de programas especiales del área de recursos humanos de la CFSE le envió una misiva al recurrente intitulada *Resultados Evaluación de Pasos por Mérito Empleados Gerenciales año 2004.*[3] En esta le informó que no cualificaba para la obtención de aumento por mérito debido a que no alcanzó la puntuación requerida de acuerdo con los

---

[1] Véase, págs. 33-37 del apéndice del recurso.
[2] Íd., págs. 4-8.
[3] Íd., pág. 3.

criterios y factores del Sistema de Evaluación. Así pues, le exhortó a que solicitara nuevamente los pasos por mérito durante el ciclo de evaluación anual del Sistema a la fecha en que le correspondiera.

En desacuerdo con lo antes expuesto, el 1 de junio de 2005, el recurrente presentó una Apelación ante la Junta de Apelaciones de la CFSE intitulada *Denegación Pasos por Mérito Año 2003-2004*.[4] En esta sostuvo que había presentado una reconsideración y que nunca recibió respuesta. Además, reiteró su inconformidad con la puntuación de 2.21 que recibió en su evaluación. Afirmó que dicha puntuación se alejaba de su labor ya que había sido reconocido como el mejor en su área de trabajo en comparación con otras regiones. Por esta razón solicitó que se evaluara su caso en la mayor brevedad posible y que se le concedieran los pasos por mérito correspondientes al año 2003 a los cuales alegó que se merecía. Junto a este escrito presentó prueba documental para respaldar sus argumentos.

En respuesta, el 30 de agosto de 2006, la CFSE presentó una *Contestación a la Apelación*.[5] En primer lugar, planteó que la evaluación realizada por el supervisor inmediato del recurrente no podía ser sustituida por el criterio evaluador de la Junta de Apelaciones ya que esta no poseía la facultad para ello. Expresó que a menos que no se demostrara por evidencia sustancial que el proceso de evaluación había sido discriminatorio, arbitrario y caprichoso, la Junta no podía ordenar a que se le realizara otra evaluación al recurrente. Finalmente, puntualizó que el proceso de evaluación del supervisor del recurrente, siendo un acto administrativo, gozaba de una presunción *juris tantum* de que tal acción era correcta y hecho conforme a los procesos establecidos.

---

[4] Íd., págs. 1-2.
[5] Íd., págs. 16-17.

Luego de varios trámites procesales, incluyendo la celebración de unas vistas administrativas mediante la cual se presentó prueba testifical y documental, el 30 de noviembre de 2010, la Junta de Apelaciones emitió y notificó una *Decisión y Orden*.[6] En primer lugar, realizó las siguientes determinaciones de hechos:

1. El Dr. Juan Hernández Pérez (en adelante el "Apelante") comenzó a trabajar como médico inspector en la CFSE en el año 1996. Luego, en el año 1998, pasó a ser Director Médico Regional en la Oficina Regional de Aguadilla.

2. Surge del expediente que el Apelante presentó el 9 de enero de 2004 una solicitud de pasos por mérito para el periodo del año 2003 (en adelante "periodo de evaluación") aduciendo que se consideraba acreedor de 2 pasos por mérito por su alto grado de responsabilidad y por haber logrado que la atención médica que se le brindaba a los pacientes fuera una de calidad y excelencia.

3. Mediante carta con fecha de 6 de mayo de 2005, la Sra. Ruth Marrero Rodríguez, directora del Negociado de Programas Especiales, informó al Apelante que no cualificaba para la obtención de pasos por méritos por no haber obtenido la puntuación requerida.

4. En la Hoja de Evaluación de Personal Gerencial Supervisor el Apelante obtuvo una puntuación total de 2.21, descalificándole así de poder obtener pasos por mérito. A causa de ello, el Apelante objetó por escrito dicha puntuación e indicó que no estaba de acuerdo con la misma.

5. De la prueba testifical desfilada surge, que, para el periodo de evaluación, los supervisores inmediatos del Apelante eran el Sr. Rafael Aquino Santiago, Sub-director Regional de la Oficina Regional de Aguadilla y el Dr. Rafael Toro Vélez, Director del Área Médica.

6. El Sr. Aquino supervisaba al Apelante en la parte administrativa de sus funciones, mientras que el Dr. Rafael Toro era el supervisor inmediato del Apelante en cuanto a la parte médica.

7. A pesar de lo antes mencionado, el Apelante fue evaluado por el Sr. Orlando Aldebol Borrero, quien fungía como director regional de la Oficina Regional de Aguadilla. Ello a pesar, de que no supervisaba directamente al Apelante. Ni el Sr. Aquino ni el Dr. Toro participaron en la evaluación de Apelante.

8. El Sr. Aquino testificó que no evaluó al Apelante por razón de que pidió no evaluarlo porque él entendía que el Apelante se sentía acosado por él, ya que le

---

[6] Íd., págs. 18-24.

cuestionaba las decisiones médicas por órdenes del Sr. Aldebol.

9. De la prueba testifical del Apelante surgió que el Sr. Aldebol le cuestionaba decisiones propias de la Unidad Médica al Apelante e intervenía en las mismas, por lo que esta situación provocó tensiones entre ambos.

10. El Apelante en su testimonio alegó que el Sr. Aldebol utilizaba personal no diestro en el Área Médica para medir su trabajo y competencia, continuamente cuestionaba y comentaba despectivamente su labor, instruía al Sr. Aquino para que le persiguiera y cuestionara su competencia, y contradecía y cuestionaba las órdenes que impartía a sus supervisados. La apelada no refutó lo anterior.

11. En la Hoja de Evaluación de Personal Gerencial Supervisor efectuada por el Sr. Aldebol, el Apelante obtuvo la siguiente puntuación:

| Factor Evaluado | Puntuación |
|---|---|
| Planificación | 2 |
| Organización | 2 |
| Dirección | 2 |
| Control | 2 |
| Evaluación del Trabajo | 2 |
| Motivación del Empleado | 2 |
| Cooperación | 2 |
| Iniciativa y Creatividad | 2 |
| Relaciones Interpersonales | 1 |
| Cumplimiento de Normas | 2 |

12. De la Certificación de Reunión Inicial Sobre Evaluación de Pasos por Mérito fechada el 28 de marzo de 2005, surge la admisión de que la reunión inicial no fue realizada debido a que el Sr. Aldebol desconocía que el Apelante había solicitado evaluación de pasos por mérito.

13. Al Apelante nunca se le hizo entrega de los formularios ni se discutió lo que se esperaba de él, de suerte que éste tuviera un plan a seguir durante el periodo de evaluación.

14. Del Registro de Datos Significativos no surgen datos significativos en cuanto al criterio de relaciones interpersonales. Esto es, la puntuación de uno (1) no estuvo justificada.

15. La parte Apelada no presentó el testimonio del Sr. Aldebol ni prueba independiente alguna para sostener la evaluación otorgada por éste a la parte Apelante.

16. Del expediente surge un documento titulado "Reconsideración Evaluación Pasos Por Mérito (2003-2004)" marcado como exhibit 3 del Apelante donde éste destaca datos significativos en cuanto a cada uno de los factores a evaluarse, indicativos de logros y resultados excelentes.

17. Los testimonios del Dr. Toro como del Sr. Aquino establecieron que el desempeño del Apelante dentro de la Oficina Regional de Aguadilla era uno excelente.

18. El doctor Toro no realizó la evaluación de pasos por mérito del apelante porque no se le requirió oportunamente. No obstante, testificó no tener inconveniente en llevarla a cabo.

19. El señor Aquino se jubiló de la CFSE.

A base de estas determinaciones de hechos, el derecho aplicable y la totalidad del expediente resolvió que la evaluación del apelante adolecía de unas faltas y omisiones que descarrilaron el proceso de evaluación. En consecuencia, declaró Ha Lugar parcialmente la Apelación presentada y le ordenó a la recurrida a que evaluara al recurrente nuevamente y que ésta se llevara a cabo por el Dr. Rafael Toro Vélez (doctor Toro).

Aproximadamente once (11) años después, a saber, el 23 de junio de 2021, el señor Hernández presentó una *Solicitud de Resolución Sumaria.*[7] En esta, afirmó que el doctor Toro le había realizado una evaluación en cumplimiento con la orden que emitió la Junta de Apelaciones en su *Decisión y Orden* del 30 de noviembre de 2010. Indicó que en esta evaluación obtuvo una puntuación de 4.0 lo cual el nivel alcanzado resultó ser excelente. Sin embargo, señaló que no se le había adjudicado los pasos por méritos correspondientes al año 2003 tras la evaluación realizada. Argumentó que, de conformidad con el *Sistema de Evaluación y Motivación de Recursos Humanos de Pasos por Méritos para el Personal Gerencial de Carrera* (el Manual), la evaluación que recibió que resultó ser excelente lo hacía acreedor de manera automática

---

[7] Íd., págs. 25-32.

de dos (2) pasos por mérito para el periodo evaluado del año 2003. Sin embargo, puntualizó que, de una certificación que emitió una funcionaria de asuntos de personal II de nómina, surgía que se le habían concedido pasos por mérito el 17 de enero de 2001 (correspondientes al año 2000), el 11 de enero de 2005 (correspondientes al año 2004) y el 2 de enero de 2008 (correspondientes al año 2007).

En vista de lo antes expresado, insistió que no se le habían adjudicado los pasos por mérito del año 2003 a pesar de que, según él, estos debían ser concedidos de manera automática por haber sido solicitados y por haber sido evaluado con una puntuación que resultaba ser "excelente". Resaltó que comenzó a laborar en la CFSE en el año 1996 por lo que podía solicitar la concesión de pasos por mérito en intervalos de tres (3) años. Así pues, concluyó que, los últimos pasos por méritos concedidos antes del 2003 fueron en el año 2001 (correspondientes al año 2000) por lo que la solicitud que presentó en el año 2004 para los pasos por méritos correspondientes al año 2003 fue correcta. Por esta razón, le solicitó a la Junta de Apelaciones a que le ordenara a la recurrida a completar el proceso de evaluación de pasos por méritos y que le adjudicara los pasos correspondientes al año 2003 con el ajuste correspondiente en su salario. Además, solicitó que se le pagaran los salarios dejados de devengar como consecuencia de no haberle concedido los pasos por méritos del año 2003.

El 14 de febrero de 2022, la CFSE presentó su *Oposición a la Resolución Sumaria.*[8] En esta explicó que el recurrente comenzó a trabajar en la CFSE en el 1996 por lo que transcurrido tres (3) años de servicio tenía derecho al amparo del Manual a solicitar aumentos por pasos por méritos en intervalos de tres (3) años hasta cumplir

---

[8] Íd., págs. 62-71.

los quince (15) años de servicio. Afirmó que, en el año 2011, el señor Hernández cumplía los quince (15) años de servicio y que a partir de ese momento podía solicitar aumentos por pasos por méritos en intervalos anuales. Sin embargo, aclaró que los hechos que le daban origen a esta controversia ocurrieron antes de que el señor Hernández cumpliera los quince (15) años de servicio.

Dicho lo anterior, sostuvo que al señor Hernández se le concedieron pasos por mérito en el año 2001 por lo que no podía solicitar pasos por mérito hasta el año 2004, según el intervalo de tres (3) años que establecía el Manual. Cónsono a ello, añadió que, conforme a la certificación que emitió la funcionaria de asuntos de personal II de nómina en el año 2021, al recurrente se le otorgaron tres (3) aumentos entre el año 2000 y el año 2008, a saber, en el año 2001, en el año 2005 y en el año 2008. Señaló que esta información fue incluida como parte de los hechos que el recurrente consideraba que no estaban en controversia y de la prueba documental presentada. En consecuencia, concluyó que era improcedente la alegación del señor Hernández de que aún faltaba adjudicarle los pasos por mérito correspondientes al año 2003 ya que la CFSE no podía considerar solicitudes de pasos por mérito hasta tanto se cumpliera el intervalo de los tres (3) años establecidos en el Manual. Dicho lo anterior, argumentó que la Apelación advino académica y, por ende, se debía desestimar la Apelación.

Evaluadas las posturas de ambas partes y luego de celebrada una vista argumentativa a tales efectos, el 21 de junio de 2024, la Junta de Apelaciones emitió y notificó una *Resolución Sumaria* en la cual realizó las siguientes determinaciones de hechos[9]:

1. El Apelante comenzó a trabajar en la CFSE durante el año 1996.

2. La CESE concedió pasos por mérito al Apelante con efectividad al 17 de enero de 2001.

---

[9] Íd., págs. 73-77.

3. La CFSE concedió pasos por mérito al Apelante con efectividad al 11 de enero de 2005.

4. El 9 de enero de 2004 el Apelante solicitó ser evaluado para la concesión de pasos por mérito correspondientes al año 2003.

5. El 28 de marzo de 2005 el Sr. Orlando Aldebol Borrero realizó la evaluación del Apelante para el período 2003-2004.

6. El 6 de mayo de 2005 el Apelante fue notificado que el resultado de la evaluación debidamente cumplimentada por su supervisor reflejó que no cualificaba para la obtención de aumento por mérito debido a que no alcanzó la puntuación requerida de acuerdo con los criterios y factores del Sistema de Evaluación.

7. Se presentó la apelación de epígrafe el 1 de junio de 2005.

8. La CFSE concedió pasos por mérito al Apelante con efectividad al 2 de enero de 2008.

9. La CFSE efectuó al Apelante los pagos por concepto de los pasos por mérito de los años 2001, 2005 y 2008, respectivamente.

10. El 30 de noviembre de 2010, notificada en esa misma fecha, esta Honorable Junta emitió Decisión y Orden declarando Con Lugar parcialmente la Apelación y ordenando a la CFSE que proceda a evaluar al Apelante.

11. La evaluación del Apelante la llevó a cabo el Dr. Rafael Toro Vélez.

12. El Dr. Toro evaluó al Apelante el 1 de diciembre de 2010.

13. Sin embargo, no fue hasta el 28 de mayo de 2015, fecha para la que el Dr. Toro ya estaba jubilado, que este entregó a la CFSE una carta dirigida a la Lcda. Liza M. Estrada, entonces administradora de la CFSE, con la cual incluyó la evaluación realizada al Apelante.

Luego tomando en consideración las determinaciones de hechos antes expuesta, el derecho aplicable, y la prueba documental que obra del expediente, en lo pertinente, resolvió lo siguiente:

La controversia que tenemos ante nuestra consideración puede ser resumida de la siguiente manera: Si procede otorgarle los pasos por mérito al Dr. Hernández correspondientes al año 2003.

Para contestar la interrogante, debemos dilucidar si, en efecto, el Apelante aún le falta por adjudicar los pasos por mérito ya mencionados.

Surge del expediente que el Dr. Hernández comenzó sus labores en la CFSE durante el año 1996. El 9 de enero de 2004 el Apelante solicitó ser evaluado para la concesión de pasos por mérito correspondientes al año 2003, al momento el Dr. Hernández solo llevaba 8 años como empleado le la CFSE. Según las disposiciones reglamentarias, no es hasta haber cumplido veinticinco (25) años de servicio en la CFSE que un empleado de carrera puede solicitar pasos por mérito anualmente. Según la Certificación incontrovertida, al Dr. Hernández le otorgaron tres (3) aumentos entre el 2000 y 2008, a saber, el 2001, 2005, y 2008. Surge de los mismos hechos incontrovertidos y los anejos de la Moción que el Dr. Hernández recibió los tres (3) aumentos por pasos por mérito. De los hechos y evidencia expuesta, no surge que la CFSE le adeude algo al Apelante.

[...]

En virtud de lo antes expuesto, la CFSE no solo cumplió con la Orden de esta Honorable Junta de realizar la evaluación al Dr. Hernández por parte del Dr. Toro, sino que ya realizó el pago por concepto de los pasos por mérito a los que el Dr. Hernández tenía derecho.

Por esta razón es de aplicación la doctrina de academicidad. Un caso se torna académico cuando por circunstancias que surgen luego de ya empezado el pleito, deja de existir controversia que resolver. Al ser una de las vertientes del concepto de justiciabilidad, la academicidad limita la función judicial y requiere que en todo momento durante un pleito las partes estén situadas de manera adversativa además de que siempre exista una controversia genuina que resolver.

El Apelante no alega que la CFSE le adeude dinero, tampoco se impugna la Certificación del 8 de febrero de 2021 en donde consta que se le dieron los pasos por mérito correspondientes.

Durante el periodo de 2001-2008. el apelante solo podía solicitar pasos por mérito en tres (3) instancias, cada una de ella fue adjudicada a su favor. Es improcedente su alegación de que no se ha completado el proceso de evaluación y que aún falta por adjudicarle los pasos por mérito correspondientes al año 2003. La CFSE no podía considerar solicitudes de pasos por merito hasta tanto se cumpliera el intervalo de los tres (3) años establecidos en el Reglamento.

Inconforme con este dictamen, el 11 de julio de 2024, el recurrente presentó una *Solicitud de Reconsideración.*[10] Sin embargo, la Junta de Apelaciones no la atendió dentro del término dispuesto en la Ley. Por lo tanto, el 26 de agosto de 2024, el señor

---

[10] Íd., págs. 80-83.

Hernández presentó el recurso de epígrafe y formuló el siguiente señalamiento de error:

> **Primer Error: Erró la Junta de Apelaciones al determinar que la CFSE realizó el pago por concepto de los pasos por mérito a los que el recurrente tenía derecho y, en consecuencia, declarar No Ha Lugar la Solicitud de Resolución Sumaria presentada y desestimar la Apelación.**

Atendido el recurso, el 27 de agosto de 2024, emitimos una *Resolución* concediéndole a la recurrida hasta el 16 de septiembre de 2024 para presentar su alegato en oposición. Oportunamente, la CFSE presentó su *Oposición a Recurso de Revisión Judicial* y negó que la Junta de Apelaciones cometiera el error que el recurrente le imputó. Con el beneficio de la comparecencia de ambas partes, procedemos a resolver el asunto ante nos. *Veamos.*

II.

-A-

La doctrina de revisión judicial nos encomienda "examinar si las decisiones de las agencias administrativas fueron hechas dentro de los poderes delegados y son compatibles con la política pública que las origina". *Rolón Martínez v. Supte. Policía*, 201 DPR 26, 35 (2018). Al efectuar tal encomienda, debemos "otorgar amplia deferencia a las decisiones de las agencias administrativas". *Graciani Rodríguez v. Garaje Isla Verde,* 202 DPR 117, 126 (2019).

La normativa jurisprudencial ha reiterado que existe en el derecho puertorriqueño una presunción de legalidad y corrección a favor de los procedimientos y decisiones realizadas por las agencias administrativas. *Rolón Martínez v. Caldero López,* supra, pág. 35. Lo anterior responde a la experiencia y pericia que se presume tienen dichos organismos para atender y resolver los asuntos que le han sido delegados. Íd.

Así, el estado de derecho vigente nos impone otorgarle deferencia a la agencia administrativa, siempre que la parte que la

impugne no demuestre evidencia suficiente que rebata la presunción de legalidad y corrección. *Graciani Rodríguez v. Garaje Isla Verde,* supra, pág. 128. Por lo tanto, **al realizar nuestra función revisora debemos enfocarnos en determinar si la agencia administrativa: (1) erró en aplicar la ley; (2) actuó arbitraria, irrazonable o ilegalmente; y (3) si lesionó derechos constitucionales fundamentales.** (Énfasis suplido) *Torres Rivera v. Policía de PR,* 196 DPR 606, 627-628 (2016).

De este modo, si al realizar nuestra función revisora no nos encontramos ante alguna de las situaciones previamente mencionadas, tenemos el deber de validar la determinación realizada por la agencia administrativa. Íd. Ello, aun cuando exista más de una interpretación posible en cuanto a los hechos. Íd., pág. 627. Ahora bien, es preciso recordar que las conclusiones de derecho, por el contrario, serán revisables en todos sus aspectos. Sección 4.5 de la Ley Núm. 38-2017, según enmendada, mejor conocida como *Ley de Procedimiento Administrativa Uniforme del Gobierno de Puerto Rico* (LPAUG), 3 LPRA sec. 9675.

-B-

Con el fin de establecer un procedimiento de evaluación de los empleados de carrera del CFSE se creó *El Sistema de Evaluación y Motivación de Recursos Humanos: Pasos por Mérito Personal Gerencial de Carrera* basado en los criterios de productividad, eficiencia, orden y disciplina. Este sistema de evaluación tiene el objetivo de promulgar el desarrollo real de la CFSE a través de los mecanismos de análisis, control, motivación, corrección, mejoramiento y renovación.

Ahora bien, en lo pertinente a la controversia ante nos, la Parte II del Manual establece los siguientes requisitos para obtener pasos por mérito:

A. Radicar Solicitud de Pasos por Mérito, debidamente completada al Área de Recursos Humanos, durante el mes de enero del año que corresponda.

B. Poseer 3 años de servicio como empleado regular de carrera en la Corporación del Fondo de Seguro del Estado.

C. Poseer un (1) año de servicio ininterrumpido como empleado regular de carrera en la Corporación del Fondo de Seguro del Estado.

[….]

D. Que los resultados de la evaluación se encuentren en los niveles de Superior o Excelente. La puntuación mínima para ser elegible será de 3.00.

1. Para la concesión de un paso, el empleado debe obtener una puntuación entre 3:00 y 3.49 puntos.

2. Para la concesión de dos pasos la puntuación será de 3.50 a 4.00 puntos.

[…]

F. Una vez concedido un Paso por Mérito el empleado podrá solicitar nuevamente al completar los siguientes requisitos:

1. Empleados que posean entre 3 a 15 años de servicio en la Corporación como empleado regular, deberán esperar intervalos de tres (3) años desde la fecha de efectividad del último paso por mérito concedido para solicitar nuevamente.

[…]

3. Aquellos empleados que tengan más de veinticinco (25) años de servicio en la Corporación como empleado regular, deberán esperar intervalo de un (1) año desde la efectividad del último paso por mérito concedido para solicitar nuevamente.

[…]

Por su parte, la Parte III del Manual relacionado a las disposiciones generales expone lo siguiente:

A. Los empleados gerenciales regulares de carrera podrán solicitar la concesión de su primer paso por mérito a partir del 1 de enero de 1997, siempre que a esa fecha posean 3 años o más de servicio como empleado regular de carrera en la Corporación del Fondo de Seguro del Estado.

B. Aquellos empleados que tengan menos de tres (3) años de servicio en un puesto regular de carrera en

la Corporación, tendrán que esperar hasta completar tres (3) años de servicio para solicitar la concesión de su primer paso por mérito.

C. Las solicitudes de pasos por méritos siempre se harán durante el mes de enero del año que corresponda.

D. Los empleados gerenciales al ser evaluados mediante el Sistema de Evaluación y Motivación obtengan una calificación de Superior, se le concederá automáticamente un (1) paso en la Escala de Retribución y dos (2) pasos cuando obtengan una calificación de Excelente.

E. El periodo de evaluación siempre será los doce (12) meses anteriores a la fecha de la radicación de la solicitud.

F. En aquellos casos en que el empleado gerencial obtenga una calificación de "EXCELENTE", el Administrador podrá conceder de forma discrecional y en casos meritorios un paso a todo empleado gerencial de carrera que obtenga una calificación de "EXCELENTE".

[...]

### III.

De entrada, cabe precisar que, este foro judicial tiene el deber de otorgarle amplia deferencia a las decisiones de las agencias administrativas. *Graciani Rodríguez v. Garaje Isla Verde,* supra, pág. 126. Ello, ya que estas poseen la experiencia y pericia para atender y resolver los asuntos que le han sido delegados. *Rolón Martínez v. Caldero López*, supra, pág. 35. Consecuentemente, al realizar nuestra función revisora, nos debemos limitar a evaluar si la agencia administrativa: (1) erró al aplicar la ley; (2) actuó arbitraria, irrazonable o ilegalmente; y (3) si lesiono derechos constitucionales. *Torres Rivera v. Policía de PR*, supra, págs. 627-628.

Como único señalamiento de error, el recurrente argumentó que la Junta de Apelaciones erró al determinar que ya había realizado el pago por concepto de pasos por mérito a los cuales tenía derecho. *No le asiste la razón.* Conforme a las determinaciones de hechos que realizó la Junta de Apelaciones en la *Decisión y Orden* que emitió el 30 de noviembre de 2010, el señor Hernández presentó

una solicitud de pasos por mérito el 9 de enero de 2004 correspondiente al año 2003. Esto también lo afirmó el recurrente posteriormente en su *Solicitud de Resolución Sumaria* como parte de los hechos incontrovertidos y se incluyó como parte de la prueba documental anejada. Sin embargo, el recurrente argumentó que su solicitud no había sido atendida por lo que reclamó los pasos por méritos a los que alegaba que tenía derecho para el año correspondiente al 2003.

Cabe preciar que, como parte de la prueba documental que obra del expediente, surge que una funcionaria del área de nóminas de asuntos de personal II de la CFSE certificó que el recurrente había recibido pagos por concepto de pasos por mérito el 17 de enero de 2001, el 11 de enero de 2005 y el 2 de enero de 2008. Conforme al precitado derecho, los empleados que poseen entre tres (3) a quince (15) años de servicio en la CFSE — como era el caso del recurrente al momento de solicitar los pasos por méritos en controversia — deben esperar intervalos de tres (3) años desde la efectividad del último paso por mérito concedido para solicitar nuevamente. Parte II del Manual, inciso (F)(1). Únicamente los empleados que llevan más de veinticinco (25) años como empleados en la CFSE pueden solicitar pasos por mérito anualmente. Parte II del Manual, inciso (F)(3). Tomando en consideración que al recurrente se le concedió un pasó por mérito en el año 2001 y luego en el año 2005, este último no tenía derecho a recibir un paso por mérito correspondiente al año 2003. Concederle dicho paso por mérito iría en contra de lo estipulado en el Manual ya que no se cumpliría con el intervalo de tres (3) años que debe haber entre los pasos por mérito solicitados.

En vista de lo anterior y luego de realizar nuestra función revisora tomando en cuenta los criterios esbozados en *Torres Rivera v. Policía de PR*, supra, págs. 627-628 no encontramos que el DCR

haya sido arbitrario o haya tomado una determinación irrazonable o ilegal. Tampoco consideramos que ésta haya cometido un error en la interpretación o la aplicación del Manual. En vista de ello, tenemos el deber de validar la determinación realizada por la Junta de Apelaciones. Así pues, el señalamiento de error no se cometió.

IV.

Por los fundamentos antes expuestos, ***confirmamos*** el dictamen recurrido.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda.  Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones